FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 21 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL LEE DOVE,<br><br>Defendant. | NO. CR-07-169-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

On October 28, 2008, Defendant pled guilty to possession of child pornography in violation of 18 U.S.C.§ 2252A(a)(5)(B). At sentencing this Court applied at sentencing upward adjustments for use of a computer, possession of 600 or more images, images of minors under the age of twelve, and images portraying sadistic or masochistic conduct. U.S.S.G. §§ 2G2.2(b)(2), (4), (6), & (7)(D). The Court departed from the range of seventy-eight to ninety-seven months and imposed a sentence of sixty months, to be followed by ten years of supervised release. The Ninth Circuit affirmed this sentence on December 30, 2009. Defendant now alleges he was deprived the effective assistance of counsel and moves to vacate that sentence under 28 U.S.C. §2255(a).

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 1**

## STANDARDS

### 1. Section 2255 Standard

Title 28, U.S.C. Section 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

A court need not hold an evidentiary hearing on a Section 2255 motion where the claims "can be conclusively decided on the basis of documentary testimony and evidence in the record." Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." Id. at 689.

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 2**

## ANALYSIS

**A.    Defendant's Motion**

Defendant asserts counsel was defective in five ways, each of which is discussed below.

### 1.    Failure to Obtain a Psychological Report for Sentencing

Defendant first argues that counsel ignored his request for an independent psychological report. A defendant's mental or emotion condition can be the basis for a departure from the Guidelines. U.S.S.G. § 5H13.3. The Government counters that an evaluation was unnecessary because Defendant's mental history was chronicled by the pre-sentence report. Indeed, the report documents Defendant's struggles with attention deficit disorder and depression. ECF No. 59, at 10.

The Court cannot grant relief on this ground. Even assuming that counsel's sole reliance on the pre-sentence report for mitigating psychological factors was unreasonable, *c.f.* Correll v. Ryan, 539 F.3d 938, 949 (9th Cir. 2008) (counsel ineffective, in part, because his investigation at sentencing stage was limited to pre-sentence report), the Court explicitly stated that it made no "negative inferences" from the lack of an independent evaluation. ECF No. 77, at 74 (transcript of sentencing hearing). And, in fact, the Court weighed two other mitigating factors before it imposed its below-Guideline sentence. Id. at 74-75 (noting Defendant's age and the delay in prosecution). Defendant cannot show prejudice by counsel's failure to obtain a psychological report.

### 2.    Failure to Move for Suppression of Statements

Defendant next asserts that counsel should have moved to suppress statements he made to the FBI. Prior to his arrest, Defendant agreed to meet with agents at a Colfax, Washington hotel. There Defendant explained how he configured a computer file-sharing program to receive child pornography. Agents never administered Miranda warnings during the interview. The Government responds that the questioning was within the constraints of the Fifth Amendment and a suppression motion would have been futile.

The Supreme Court has established that "a single, serious error may support a claim

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 3**

of ineffective assistance of counsel," including counsel's failure to file a motion to suppress. Kimmelman v. Morrison, 477 U.S. 365, 383 (1986). But in order for such an error to meet the first prong of Stickland, the proposed suppression motion must be "meritorious." Id.; Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th Cir. 2003). Here, Defendant cannot demonstrate the success of this motion.

Miranda's holding, grounded in the Fifth Amendment, seeks to alleviate the coercive effects created by custodial interrogations. 384 U.S. 436, 444 (1966). To determine whether a suspect is in custody during questioning, the Court looks at the totality of the circumstances to decide if a reasonable person would have felt free to terminate the interview. Thompson v. Keohane, 516 U.S. 99, 112 (1995). In Oregon v. Mathiason, the Supreme Court held that a suspect was not in custody (and thus no Miranda warnings were necessary) where police left a note for the suspect to call, after which both parties conferred and agreed to meet at a police station for questioning. 429 U.S. 492, 495-96 (1977). Here, the FBI called and left a message with Defendant's wife's parents. He voluntarily returned the call and "agreed to meet [agents] at the Best Western in Colfax." ECF No. 76, at 21 (transcript of change of plea hearing). These facts closely mirror those of Mathiason, but with the added consideration that the interview took place in the lobby of a hotel, a decidedly less-coercive environment than police headquarters.

Because Defendant was not in custody at the time he made statements to the FBI, the Court would have denied his proposed suppression motion. Counsel's failure to file a meritless motion does not run afoul of Strickland.

### 3. Failure to Call Witnesses During Sentencing

At sentencing, counsel for Defendant did not call any witnesses or offer expert testimony, a decision Defendant argues is unreasonable and prejudicial. Defendant does not designate the evidence that these unnamed witnesses would offer, nor does he describe how they might have affected his sentence. The Court can deny Defendant's claim for this reason alone because he has failed to demonstrate that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Strickland, 466 U.S.

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 4**

at 702. Moreover, failing to call a witness will not amount to ineffective assistance of counsel if the decision is a reasonable tactical choice based on a reasonable investigation into the facts of a case. Correll, 539 F.3d at 948; Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997). Here, counsel displayed a detailed knowledge of the case when she conducted a lengthy cross-examination of the FBI agent testifying at sentencing. ECF No. 77, at 25-42. She submitted nine letters from Defendant's friends and family and filed three sentencing briefs. The Court concludes from these facts that counsel's investigation of and tactical decisions about the case were reasonable.

### 4. Failure to Clarify Terms at Sentencing

At the sentencing hearing, the attorneys and the testifying FBI agent discussed specialized terms relating to the operation of Defendant's file-server. Defendant argues that counsel should have "clarified" these terms for the Court. This is another instance where Defendant fails to allege how the Court's purported misunderstanding of the technical details of the case affected his ultimate sentence. Nevertheless, the Court (on its own) and counsel (through cross-examination) asked for clarification of several terms, including: "mIRC," "f-serve," and "leech." ECF No. 77, at 26-27, 30-34. Defendant cannot show how counsel's attempts to delineate these concepts falls below a reasonable level of professional assistance. Strickland, 466 U.S. at 689.

### 5. Failure to Contest Jurisdiction

Finally, Defendant challenges the Court's jurisdiction over the underlying case. Defendant suggests that counsel ignored his request to move the case to California, the state where his computer initially received the pornography. He lists this as a subset of his ineffective assistance claim, although the Court notes that lack of jurisdiction provides an independent ground for relief. 28 U.S.C. § 2255(a). But whether it is couched as a claim under Strickland or as a direct attack on the Court's jurisdiction under Section 2255(a), the argument does not provide Defendant a basis for relief.

The district courts have exclusive jurisdiction over federal crimes committed within their territorial boundaries. 18 U.S.C. § 3231; Fed. R. Crim. P. 18. Although Defendant

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 5**

received the pornography in California, he was not charged under 18 U.S.C. § 2252A(a)(2) (knowing receipt of child pornography). Instead, he was charged with possession after he transported the computer containing the pornography into the Eastern District of Washington. ECF No. 1, at 1 (indictment). The Court's jurisdiction over this case is legitimate.

**B.     Certificate of Appealability**

In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under Section 2255, a Defendant must first obtain a certificate of appealability. 28 U.S.C. § 2253(c). This Court possesses the authority to issue a certificate of appealability, *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997), and will do so where a Defendant makes a substantial showing of the denial of a constitutional right. Id. at (c)(2). To make a substantial showing, the Defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 335-336 (2003).

For the reasons stated in the Court's order denying habeas relief, Defendant is not able to make a substantial showing of a denial of a constitutional right. These determinations are not debatable among jurists of reason, a court could not resolve the issues in a different manner, and there is no issue of sufficient adequacy to deserve encouragement to proceed further. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 * 6**

## CONCLUSION

In summary, the Court finds no basis for vacating, setting aside, or reducing Defendant's sentence under Section 2255. His motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under § 2255 (ECF No. 81) is **DENIED**.

2. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to Defendant and counsel for the Government.

**DATED** this 19th day of September, 2011.

_____
ROBERT H. WHALEY
United States District Judge

Q:\aCRIMINAL\2007\Dove\2255.ord.wpd